UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————————X

PATRICIA A. DADDINO,

                Plaintiff,

     -against-

SANOFI US SERVICES INC., *formerly known as Sanofi-Aventis U.S. Inc.*, and SANOFI-AVENTIS U.S. LLC,

                Defendants.
————————————————————————X

For Online Publication Only

**ORDER**
23-cv-8063 (JMA) (JMW)

FILED
CLERK
12:03 pm, Apr 19, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Patricia A. Daddino ("Plaintiff") sued Sanofi US Services Inc. and Sanofi-Aventis U.S. LLC ("Defendants") as part of the Taxotere (docetaxel) Products Liability Litigation, Multi-District Litigation ("MDL") 2740 within the Eastern District of Louisiana ("MDL Court").  (See ECF Nos. 1, 23.)  Defendants are manufacturers of the chemotherapy drug docetaxel ("Taxotere"), which Plaintiff alleges caused "disfiguring permanent Alopecia beginning sometime after treatment … and continuing to present."  (ECF No. 1, at 4.)  As a result, Plaintiff brings claims alleging strict products liability, negligence, negligent misrepresentation, fraudulent misrepresentation, fraudulent concealment, fraud and deceit, extreme and outrageous conduct and/or intentional infliction of emotional distress, and punitive damages (See id. at 4–5.)

The MDL Court adopted a master and short form pleading process to streamline the evaluation of Rule 12 challenges, which restricted plaintiffs to short form complaints ("SFCs") for minimal case-specific allegations.  (See ECF No. 23.)  On May 11, 2020, the MDL Court implemented PTO 105, which gave all MDL plaintiffs until January 15, 2021 to add allegations bearing on the statute of limitations to their SFCs.  (See ECF No. 6-2, at 167, 169.)  The same deadline was set for any plaintiff seeking to amend in a manner inconsistent with PTO 105 to place

1

their case on a call docket to show cause why amendment should not be stricken.  (See id. at 170.)

On January 17, 2024, Plaintiff moved to amend her complaint pursuant to Federal Rule of Civil Procedure 15(a).  (See ECF No. 23.)  Defendants opposed the motion on January 31, 2024. (See ECF No. 24.)  Plaintiff replied on February 7, 2024.  (See ECF No. 25.)  On March 18, 2024, Magistrate Judge James M. Wicks filed a Report and Recommendation ("R&R") suggesting that this Court deny Plaintiff's Motion to Amend the Complaint.  (See ECF No. 31.)  Plaintiff filed timely objections on April 1, 2024.  (See ECF No. 32.)  Defendants responded on April 15, 2024. (See ECF No. 33.)

## I.      LEGAL STANDARD

For a dispositive matter, a district court reviews de novo the parts of an R&R to which the parties object and reviews for clear error the parts of the R&R to which the parties do not object. See 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b)(3); Allen v. United Parcel Serv., Inc., 988 F. Supp. 2d 293, 297 (E.D.N.Y. 2013).  For a non-dispositive matter, a district court reviews the R&R for clear error only.  See FED. R. CIV. P. 72(a); see also Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007); Allen, 988 F. Supp. 2d at 297.  The Second Circuit "has not clearly stated whether a denial of leave to amend a pleading should be treated as dispositive or non-dispositive for Rule 72 purposes."[1]  Tardif v. City of New York, 2016 WL 2343861, at *2 (S.D.N.Y. May 3, 2016) (citing cases treating the issue as non-dispositive and a case treating the issue as dispositive). But the Court need not resolve this dispute.  Whether reviewed de novo or for clear error, this Court would adopt Judge Wicks's R&R. See Wilson v. City of New York, 2008 WL 1909212, at

---

[1]      Compare Jean–Laurent v. Wilkerson, 461 F. App'x 18, 25 (2d Cir. 2012) (remanding after the district court treated a recommendation to partially deny motion to amend as non-dispositive); with Fielding, 510 F.3d at 178 (stating in dicta that a motion to amend a complaint is non-dispositive); see also Klaper v. Cypress Hills Cemetery, 2012 WL 959403, at *6 n.6 (E.D.N.Y. March 21, 2012) (explaining that the Second Circuit has not explicitly addressed this question and that some district courts have reviewed recommendations to deny a motion to amend as dispositive and to grant a motion as non-dispositive).

*3–4 (E.D.N.Y. Apr. 30, 2008) (deciding not to take a position on this question because the court would adopt the R&R either way).

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b)(3); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989). Objections that are general, conclusory, or "merely recite the same arguments presented to the magistrate judge" do not constitute proper objections and are reviewed only for clear error. Cohen v. Lyondell Basel Indus. N.V., 492 F. Supp. 3d. 14, 17 (E.D.N.Y. 2020). Clear error will be found only when, upon review of the entire record, the Court is "left with the definite and firm conviction that a mistake has been committed." United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quoting United States v. Garcia, 413 F.3d 201, 222 (2d Cir. 2005)).

## II.     THE PARTIES' CONTENTIONS

A.     Plaintiff's Objections

Plaintiff makes three objections to Judge Wicks's R&R, which recommends that this Court deny her Motion to Amend the Complaint. (See Pl.'s Obj. at 2–9, ECF No. 32.) First, Plaintiff objects to Judge Wicks's finding that she engaged in undue delay in filing her motion. (See id. at 2–3.) Second, Plaintiff objects to Judge Wicks's finding that her proposed amended would be prejudicial to the Defendants. (See id. at 3–5.) Finally, Plaintiff objects to Judge Wicks's finding that her proposed amendments would be futile because (i) her claims are time-barred and (ii) her fraud claim would fail on the merits. (See id. at 5–9.)

B.     Defendants' Responses

Defendants offer multiple responses. (See Defs' Resp. at 3–11, ECF No. 33.) First, Defendants correctly point out that Plaintiff's objections present nearly identical arguments to

3

those considered and rejected by Judge Wicks and the MDL Court itself.  (See id. at 1.)  Second,

Defendants argue that the MDL court's rulings should not be disturbed.  (See id. at 3–6.)  Third,

Defendants argue that both Judge Wicks and the MDL court correctly concluded that Defendants

would be prejudiced by Plaintiff's proposed amendments.  (See id. at 6–8.)  Fourth, Defendants

argue that the time for Plaintiff to amend has passed; Judge Wicks properly applied PTO 105 and

the MDL court's instruction to perfect fraud-based claims.  (See id. at 8–10.)  Finally, Defendants

argue that Judge Wicks's independent basis for denying Plaintiff's Motion to Amend was also

correct—i.e., that Plaintiff's proposed amendments (even if allowed) would subject to dismissal

under Rule 12(b)(6) and Rule 9(b), respectively.  (See id. at 10–11.)

## III.    DISCUSSION

A.    Applicable Law

The Second Circuit instructs that the standard for amending pleadings depends on when

the amendment is sought:

> "At the outset of the litigation, a plaintiff may freely amend her pleadings
> pursuant to Rule 15(a)(1) as of right without court permission.  After that
> period ends—either upon expiration of a specified period in a scheduling
> order or upon expiration of the default period set forth in Rule
> 15(a)(1)(A)—the plaintiff must move the court for leave to amend, but the
> court should grant such leave freely when justice so requires pursuant to
> Rule 15(a)(2). This is a liberal and permissive standard, and the only
> grounds on which denial of leave to amend has long been held proper are
> upon a showing of undue delay, bad faith, dilatory motive, or futility.  The
> period of liberal amendment ends if the district court issues a scheduling
> order setting a date after which no amendment will be permitted.  It is still
> possible for the plaintiff to amend the complaint after such a deadline, but
> the plaintiff may do so only up a showing of the good cause that is required
> to modify a scheduling order under Rule 16(b)(4)."

Stanley v. Phelon, 2024 WL 1453872, at *6 (2d Cir. Apr. 4, 2024) (cleaned up) (quoting Sacerdote

v. N.Y. Univ., 9 F.4th 95, 115 (2d Cir. 2021), cert. denied, 142 S. Ct. 1112 (2022)).

B.    Analysis

After carefully reviewing Judge Wicks's R&R de novo and for clear error, the Court agrees

with his factual and legal analyses and adopts the well-reasoned and thirty-paged R&R in its

entirety as the Court's opinion.  Judge Wicks's R&R is supported by the already vast body of case

law denying Taxotere plaintiffs' motions to amend under Rule 16, Rule 15, or both.[2]  To date, as

far as this Court can tell, not one court has allowed any Taxotere plaintiff to amend her complaint

to remove the six-month injury definition that has been in place since 2017.  Simply put, this Court

will not undo the MDL court's work.  And in any event, the Court agrees with Judge Wicks's

conclusion that the proposed amendments would be futile because they would not survive a motion

---

[2]    See, e.g., Hempen et al v. Sanofi US Services Inc. et al, 23-cv-03598-DWD (S.D. Ill. Feb. 22, 2024) ("The proposed amendment [eliminating the six-month injury definition] would prejudice Defendant and would undermine rulings already made by the MDL Court, violating the law of the case doctrine."); Alamil v. Sanofi US Services Inc. et al., 2:23-cv-04072-HDV-KS (C.D. Cal. Feb. 23, 2024) ("Because this issue has been actually litigated and resolved in Louisiana, the Court is compelled to follow the MDL court's prior ruling and deny leave to add the proposed definitions of PCIA[.]"); Hines v. Sanofi US Services Inc. et al., 2:23-cv-04081-HDV-KS (C.D. Cal. Feb. 23, 2024) (same); Allain v. sanofiaventis US LLC et al., 6:23-cv-00992-CEM-RMN (M.D. Fla. Feb. 26, 2024) ("If transferor judges were permitted to upset the rulings of transferee judges, the result would be an undermining of the purpose and usefulness of transfer under Section 1407" (internal citations omitted)); Kaifes v. sanofi-aventis US LLC et al., 4:23-cv-00827-SRB (W.D. Mo. Feb. 26, 2024) ("Upon review, the Court finds no basis to disturb the MDL court's ruling denying the same amendment proposed in this case."); Harty v. Sanofi US Services Inc. et al., 8:23-cv-02527-VMC-TGW (M.D. Fla. Feb. 28, 2024) ("[T]he requested amendment would unduly prejudice Defendants and would undermine the rulings already made by the MDL Court."); Hurt v. Sanofi US Services Inc. et al., 6:23-cv-00199CHB-EBA (E.D. Ky. Feb. 28, 2024) ("The Court therefore finds that the MDL Court's previous ruling on the MDL Plaintiffs' motion to amend is the law of this case and no evidence has been presented to justify re-examining or deviating from the MDL Court's previous ruling."); Baker v. Sanofi S.A. et al., 8:23-cv-02434-WFJ-SPF (M.D. Fla. Mar. 20, 2024) ("[T]he requested amendment would unduly prejudice Defendants and would undermine the rulings already made by the MDL Court"); Antalocy v. Sanofi US Services Inc., et al., 4:23-cv-02098 (N.D. Ohio Mar. 28, 2024) ("This Court sees no cause to revisit the MDL court's decision."); Provencher v. Sanofi US Services Inc., et al., 2:23-cv-00222-JAW (D. Me. Mar. 29, 2024) (recognizing Ms. Provencher's request to amend to change the definition of her injury had already been decided by the MDL court and should not be disturbed); Lambert v. Sanofi US Services Inc., et al., 7:23cv-00319-MFU (W.D. Va. Apr. 12, 2024) (denying amendment because "the MDL Court previously denied plaintiffs' motion for leave to file a Third Amended Complaint with the same proposed changes that [plaintiff] seeks here, [so] the law of the case dictates that the court must deny the motion," and granting judgment on the pleadings because "[t]here is no basis to toll the limitations period on [plaintiff]'s negligence claim, and therefore the claim is timebarred."); Belizaire v. Sanofi Services, Inc., et al., 0:23-cv-62226-RLR (S.D. Fla. Apr. 12, 2024) ("Simply stated, the time for amendment has long since passed."); see also Ali v. Sanofi-aventis U.S. LLC, 2023 WL 6390592, at *3 n.1 (N.D. Cal. Sept. 29, 2023) (granting summary judgment and rejecting injury-definition amendment because "the MDL court denied Plaintiffs' request for leave to amend their Long-Form Complaint in exactly this way."); Fussell v. Sanofi-Aventis U.S. LLC, 2024 WL 1365067, at *1 n.1, *6 (W.D.N.C. Mar. 12, 2024), report and recommendation adopted, 2024 WL 1363915 (W.D.N.C. Mar. 29, 2024) (granting judgment on the pleadings contemporaneously with denial of plaintiff's motion to amend as unduly delayed).

to dismiss.  (See ECF No. 31, at 29.)

## IV.      CONCLUSION

For the above reasons, the Court adopts Magistrate Judge Wicks's R&R in its entirety as the Court's opinion.  Accordingly, Plaintiff's Motion to Amend the Complaint is DENIED.

**SO ORDERED.**

Dated: April 19, 2024
Central Islip, New York

_____/s/  JMA_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE